PHELPS COUNTY, *Appellant*, v. BISHOP.

1. **Limitation to Action for fraud in issue and sale of County Bonds.** In an action brought by a county to recover money which it had been compelled to pay to an innocent holder of certain negotiable bonds of the county, the petition charged that the defendant, by collusion with the justices of the county court, for the purpose of cheating and defrauding the county, had fraudulently procured the issue of the bonds to himself, and, in consummation of his fraudulent purpose, had afterwards sold and assigned them to the innocent purchaser for a valuable consideration. The issue of the bonds having taken place more than five years before the bringing of the action; *Held*, that the action was not, for that reason, barred by the statute of limitations, that the statute ran, not from the issue, but from the sale and assignment. Until then the fraud was not consummated. In the hands of the defendant the bonds were of no value in consequence of the fraud. The assignment was the crowning act of the scheme to defraud the county.

2. **Pleading Fraud.** The petition in the case examined and held to charge the alleged fraud with sufficient certainty.

3. **County Court orders, Collaterally Assailable for Fraud: BONDS.** An order of the county court allowing a demand against the

county and directing the issue of bonds in satisfaction of it, is not such a judicial determination as cannot be collaterally assailed for fraud.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

*L. F. Parker* for appellant.

*C. C. Bland* for respondent.

HENRY, J.—This suit was commenced in the Phelps circuit court in August, 1875. The petition contained three counts. The first alleged that on the 1st day of December, 1868, the defendant presented to the county court of said county a false and fraudulent claim against the county for $6,000, for alleged failure of the county to convey to defendant fifteen acres of land; that the defendant and each member of the county court, and William C. Kelley, an attorney at law, knew that the claim was false and without foundation, but by collusion betwixt the defendant, W. C. Kelley and the members of said court, the claim was allowed against the county, and a warrant in favor of said Bishop issued for the amount; that on the same day, in furtherance of their corrupt and fraudulent scheme, the county court made an order requiring the clerk of said court to issue to Bishop county bonds to the amount of $6,000, and take up said warrant, and that, in compliance to said order, the clerk and Wm. Morse, the presiding justice, issued and delivered to Bishop two bonds of Phelps county, for $500 each, dated 1st day of December, 1868, payable in three years, and five bonds of Phelps county, for $1,000 each, dated 1st day of December, 1868, payable in five years; all of said bonds bearing ten per cent. interest per annum, payable semi-annually; that afterwards, before the maturity of said bonds, and in consummation of the fraudulent purpose of said confederates to cheat and defraud Phelps county, said bonds were, by Bishop for a valuable consideration, assigned to an innocent purchaser, to whom the county was compelled to pay

said bonds, with interest, amounting, when paid, to $9,900; that the claim presented was wholly without foundation.

The second count differs from the first, only in alleging that defendant imposed upon the county court, and procured the warrant and bonds described in the first count.

The third count, omitting to charge Kelley as one of the confederates, contains the same allegations against the members of the county court and defendant as are made in the first count, but is for money had and received.

Defendant filed a general demurrer to the petition, which was sustained by the court, and from the judgment rendered by the court against her, the county has appealed. If either count in the petition is sufficient, the demurrer should have been overruled.   That the second and third are defective, we think, does not admit of a doubt.   The third, which was for money had and received, certainly could not be maintained, and the only question for consideration is, whether the first count states facts sufficient to constitute a cause of action.

The position of respondent is, that it appears on the face of that count that the action, if ever maintainable, 1. LIMITATION TO was barred the by statute of limitations; ACTION FOR FRAUD that the fraud as alleged in the petition, was IN ISSUE AND SALE OF COUNTY BONDS. perpetrated on the 1st day of December, 1868, and this suit was not commenced until August, 1875. Until the sale and assignment of the bonds, the fraud was not consummated.   In the hands of Bishop they were of no value, in consequence of the fraud with which they were tainted.   The county could have avoided them by proof of the fact alleged in the first count.   She had no action at law against Bishop until the assignment of the bonds.   That was the crowning act of the scheme to defraud the county.   She might, before the assignment, have enjoined Bishop from negotiating the bonds, and had them canceled to prevent the consummation of the fraudulent purpose of Bishop and his confederates; but she had sus· tained no material damage until the bonds were assigned

to an innocent purchaser. It does not appear how long before the maturity of the bonds they were assigned to the innocent purchaser. It does not, therefore, appear that the fraud was consummated five years before the commencement of this action.

It is also urged that the fraud is not charged with sufficient particularity. There may have been particulars 2. PLEADING in the fraudulent conduct of the defendant FRAUD. and his confederates that are not specifically alleged, but if a sufficiency of fraudulent acts is charged to constitute a cause of action, that is enough. It is said that the petition should have described the fifteen acres which defendant ·claimed the. county was obliged but failed to convey. We do not know, nor could the circuit court assume, that in his demand presented to the county court, the defendant described the land. If it was a false, fraudulent and groundless claim, how could the petition describe the land unless the plaintiff's claim presented to the court described it? There is enough in the petition to apprise the defendant of the charge he is required to answer, sufficient particularity to prevent him from being surprised by any relevant evidence that the county might introduce to sustain the issues on her part.

Nor. is there anything in the position that the allowance of the demand and funding the debt was a judicial 3 COUNTY COURT determination which cannot be thus collater- ORDERS, COLLATER- ally assailed. A judgment betwixt the par- ALLY ASSAILABLE .FOR FRAUD: bonds ties to the. suit in which it was obtained, is a nullity if obtained by fraud. A direct proceeding to set aside the judgment, when that would afford relief, would be the proper course ; but here, it would not have availed the county to set aside the order of the county court after the bonds were negotiated, and it would be a reproach to our law if in such a case as is stated in the first count, the court could give no relief to the injured party.

The first and second counts are inconsistent with each other, but that is no cause for demurrer. Wag. Stat., § 6,

p. 1014. There was a misjoinder of actions, but as that objection to the petition was not specified in the demurrer, it may be disregarded. Wag. Stat., § 7, p. 1015. All concurring, the judgment is reversed and the cause remanded.

REVERSED.